Barbara Ronda MELIEZER, wife of/and Karl A. Loetzerich, Plaintiffs–Appellants,

v.

RESOLUTION TRUST COMPANY, as Receiver for Home Savings and Loan Association, Defendants–Appellees.

No. 91–3248

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 5, 1992.

Kevin Kennedy Gipson, Donovan & Lawler, Metairie, La., for plaintiffs-appellants.

Robert A. Mathis, Newman, Drolla, Mathis, Brady & Wakefield, Metairie, La., for defendants-appellees.

Christopher J. Bellotto, FDIC, Washington, D.C., for FDIC.

Before POLITZ, Chief Judge, KING, and EMILIO M. GARZA, Circuit Judges.

POLITZ, Chief Judge:

Barbara Ronda Meliezer and her husband Karl A. Loetzerich appeal the district court's dismissal without prejudice of their claim against Home Savings and Loan Association F.A. and the Resolution Trust Corporation. The district court concluded that it lacked subject matter jurisdiction. For the reasons assigned we affirm.

### Background

In September of 1987 the Loetzerichs purchased property in New Orleans, assuming a Home Savings mortgage. The property was destroyed by fire on December 1, 1989; Home Savings then held the mortgage. After filing a fire damage claim the Loetzerichs learned that the property was underinsured.

In June 1990 Home Savings was declared insolvent and Resolution Trust Company (RTC) was appointed Receiver. Implementing the administrative claims process, RTC published the notice required by 12 U.S.C. § 1821(d)(3)(B), and established September 25, 1990 as the deadline for the filing of claims.

On November 30, 1990 the Loetzerichs filed a suit against Home Savings and the RTC alleging that Home Savings was negligent for allowing them to assume the loan and hazard insurance when it knew or should have known that there was insufficient insurance to cover a fire loss to the property. The RTC moved to dismiss for lack of subject matter jurisdiction because the Loetzerichs had failed to exhaust administrative remedies, 12 U.S.C. § 1821(d). The district court granted the motion and the Loetzerichs timely appealed.

*Analysis*

A motion to dismiss for lack of jurisdiction may be decided by the district court considering only the complaint, the complaint supplemented by undisputed facts reflected in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ynclan v. Department of Air Force,* 943 F.2d 1388 (5th Cir.1991) (citing *Williamson v. Tucker,* 645 F.2d 404 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981)). In the present case the district court relied on the complaint and undisputed facts.

The Loetzerichs contend that the district court erred in dismissing their claim for failure to exhaust administrative remedies because the RTC waived the administrative claims process when it failed to provide the notice as required by 12 U.S.C. § 1821(d)(3)(C). They contend that this "waiver" vests the district court with jurisdiction. We are not persuaded.

We begin our review with the administrative claims process in the Financial Institutions Reform and Recovery Enforcement Act of 1989 ("FIRREA"), Pub.L. No. 101–73, 83 Stat. 183 (1989). Congress enacted FIRREA to remedy the problems it perceived in the existing regulatory scheme in the savings and loan industry. *See* H.Rep. No. 101–54(I), 101st Cong., 1st Sess. 291–312, *reprinted in* 1989 U.S.Code Cong. & Admin.News 86, 87–108 (detailing the history and purpose behind FIRREA). Among its numerous provisions FIRREA established the RTC[1] in an effort "to contain, manage, and resolve failed savings associations." Pub.L. 101–73, 103 Stat. 183, 187, *published at* 12 U.S.C.A. § 1811 Note. To assure that the RTC or Federal Deposit Insurance Corporation[2] could deal expeditiously with failed depository institutions, Congress created a new claims determination procedure by which the creditors of a failed institution may be required to first present their claims to the Receiver for administrative consideration before pursuing a judicial remedy. 12 U.S.C. § 1821(d)(3).

This claims procedure was in part informed by the Supreme Court's decision in *Coit Independence Joint Venture v. Federal Sav. & Loan Ins. Corp.,* 489 U.S. 561, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989).[3] In *Coit* the Court held that the previous statutes governing the Federal Savings and Loan Insurance Corporation and the Federal Home Loan Bank Board did not grant exclusive adjudicatory power to the FSLIC over creditors' claims against insolvent savings and loans associations under FSLIC receivership and did not divest the courts of jurisdiction to consider those claims *de novo. Id.* 489 U.S. at 587, 109 S.Ct. at 1375–76, 103 L.Ed.2d at 624. The Court also held that because there was no reasonable time limit on FSLIC's consideration of creditor claims, the FSLIC did not have the power as receiver to require parties to adjudicate their claims first through the FSLIC claim procedure before pursuing judicial remedies.[4]

The new claims procedure gives the Receiver of a failed financial institution the authority to review claims. 12 U.S.C. § 1821(d)(3). The RTC has 180 days to determine whether to allow or disallow a claim and must timely notify the claimant. 12 U.S.C. § 1821(d)(5). If the claim is disallowed, or the 180–day determination period has expired, the claimant may request fur-

---

**1.** 12 U.S.C. § 1441a(b)(1).

**2.** The powers attributed to the FDIC in 12 U.S.C. §§ 1821, 1822, and 1823 are made applicable to the RTC by 12 U.S.C. § 1441a(b)(4).

**3.** *See* H.R.Rep. No. 101–54(I), 101st Cong., 1st Sess., *reprinted in* 1989 U.S.Code Cong. and Admin.News, 86, 214–15 (noting that the new administrative procedures for determining contested claims were responsive to the constitutional and statutory concerns outlined in Coit).

**4.** *Coit* overruled our decision in *North Mississippi Sav. & Loan Ass'n v. Hudspeth,* 756 F.2d 1096 (5th Cir.1985), *cert. denied,* 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986). In *Hudspeth,* we held that the federal statutes in question required exhaustion of administrative remedies before pursuing judicial remedies against a failed savings and loan institution in FSLIC receivership. *Accord, Federal Sav. & Loan Ins. Corp. v. Griffin,* 935 F.2d 691, 695 n. 2 (5th Cir.1991).

ther administrative consideration or seek judicial review. 12 U.S.C. § 1821(d)(6)(A).

■ Typically, exhaustion of administrative remedies is required where Congress imposes such a requirement. *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). If the statutory language is not explicit, courts are guided by congressional intent in determining whether exhaustion is required. *Patsy v. Florida Board of Regents*, 457 U.S. 496, 502 n. 4, 102 S.Ct. 2557, 2560 n. 4, 73 L.Ed.2d 172 (1982). Although FIRREA does not explicitly mandate exhaustion of administrative remedies before judicial intervention, the language of the statute and indicated congressional intent make clear that such is required.

Section 1821(d)(13)(D) [5] operates to divest the courts of jurisdiction over certain actions against the RTC. Section 1821(d)(6)(A) permits a claimant to file suit only after filing a claim with the RTC as receiver and then only if the receiver has disallowed the claim or the 180–day determination period has expired. 12 U.S.C. § 1821(d)(6)(A). At that point, the claimant may file suit "in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located ... (and such court *shall have jurisdiction to hear such claim*)." Id. (emphasis added). FIRREA contains no provision granting federal jurisdiction to claims filed after a receiver is appointed but before administrative exhaustion.[6] As such, section 1821(d)(13)(D) clearly establishes a statutory exhaustion requirement. Other courts have so held. *See e.g., Rosa v. Resolution Trust Corp.*, 938 F.2d 383 (3d Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 582, 116

L.Ed.2d 608 (1991); *Circle Indus. Div. of Nastasi–White, Inc. v. City Fed. Sav. Bank*, 749 F.Supp. 447 (E.D.N.Y.1990), *aff'd per curiam*, 931 F.2d 7 (2d Cir.1991); *United Bank of Waco, N.A. v. First Republic Bank, N.A.*, 758 F.Supp. 1166 (W.D.Tex.1991).

■ As we previously have recognized, in enacting an administrative review system Congress may vest exclusive original jurisdiction in the reviewing agency. *Central States Southeast & Southwest Areas Pension Fund v. T.I.M.E.–D.C., Inc.*, 826 F.2d 320 (5th Cir.1987). *See e.g., Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). "When exhaustion is statutorily mandated, the requirement is jurisdictional." *Townsend v. United States Dept. of Justice Immigration & Naturalization Serv.*, 799 F.2d 179, 181 (5th Cir.1986).

■ It is undisputed that no claim was ever filed herein with the RTC. The Loetzerichs insist, nonetheless, that exhaustion is not required because the RTC did not comply with the mailing requirement detailed in 12 U.S.C. § 1821(d)(3)(C)(ii). That section mandates:

(C) Mailing Required.

The receiver shall mail a notice similar to the notice published under subparagraph (B)(i) at the time of such publication to any creditor shown on the institution's books—

(i) at the creditor's last address appearing in such books; or

(ii) upon discovery of the name and address of a claimant not appearing on the institution's books within 30 days after the discovery of such name and address.

---

**5.** 12 U.S.C. § 1821(d)(13)(D) provides that:

Except as otherwise provided in this subsection, no court shall have jurisdiction over—
  (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or

(ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

**6.** *See* H.R.Rep. No. 101–54(I), 101st Cong., 1st Sess., *reprinted in* 1989 U.S.Code Cong. & Ad. News 86, 214 ("After exhaustion of streamlined administrative procedures, a claimant has a choice to either bring the claim *de novo* in the District Court ... or have the claim determination reviewed by one or more administrative processes....").

12 U.S.C. § 1821(d)(3)(C).[7] The Loetzerichs contend that this statutory notification requirement is mandatory and the Receiver's failure to provide the notice relieved them of the obligation to exhaust administrative remedies.

■ Assuming the verity of these allegations, the district court properly rejected the waiver argument. There is no statutory basis for this contention. As we previously have stated, a statutory time period is not mandatory unless it both expressly requires an agency or public official to act within a particular time period and imposes a consequence for failure of compliance. *Fort Worth Nat'l Corp. v. Federal Sav. & Loan Ins. Corp.,* 469 F.2d 47 (5th Cir.1972). *Accord, United States v. Boccanfuso,* 882 F.2d 666, 671 (2d Cir.1989) ("Federal agencies do not lose jurisdiction by their failure to comply with statutory time limits unless the statute demonstrates congressional intent that this result occur...."); *Saratoga Sav. & Loan Ass'n v. Federal Home Loan Bank Bd.,* 879 F.2d 689 (9th Cir.1989); *Twin Pines Coal Co. v. United States Dep't of Labor,* 854 F.2d 1212 (10th Cir. 1988); *Navistar Int'l Transp. Corp. v. United States Envtl. Protection Agency,* 858 F.2d 282, 286 (6th Cir.1988) ("the failure of the notice of noncompliance to contain the instruction manual or the technical support document does not prevent the EPA from proceeding with the liability hearing."), *cert. denied,* 490 U.S. 1039, 109 S.Ct. 1943, 104 L.Ed.2d 413 (1989). Although the Supreme Court has not adopted this rule, it has indicated that it "would be most reluctant to conclude that every failure of an agency to observe a procedural requirement voids subsequent agency action, especially when important public rights are at stake." *Brock v. Pierce County,* 476 U.S. 253, 260, 106 S.Ct. 1834, 1839, 90 L.Ed.2d 248, 255 (1986).

■ The primary purpose underlying FIRREA's exhaustion scheme is apparent. It allows the RTC "to perform its statutory function of promptly determining claims so as to quickly and efficiently resolve claims against a failed institution without resorting to litigation." *Rosa,* 938 F.2d at 396. Further, the exhaustion scheme mandated by FIRREA is reasonable, given the brevity of the exhaustion procedure and the *de novo* judicial review of claims once the procedure is exhausted. *Id.* Under the facts at bar no exception to exhaustion need be considered. The Loetzerichs have failed to exhaust the administrative remedies as directed by FIRREA; the district court lacked subject matter jurisdiction over their claims.

AFFIRMED.

---

7. Subparagraph (B)(i) and (ii), as referred to in section 1821(d)(3)(C), provides that the RTC must publish several notices "to the depository institution's creditors" notifying them "to present their claims" by a specified date. The Loetzerichs do not claim that the RTC failed to meet this notice requirement.