United States Court of Appeals,

Fifth Circuit.

No. 93-3443.

GREATER SLIDELL AUTO AUCTION, INC. and Rebecca Toblin Slocum, Plaintiffs-Appellants,

v.

AMERICAN BANK & TRUST CO. OF BATON ROUGE, LA., et al., Defendants.

FEDERAL DEPOSIT INSURANCE CORPORATION, As Receiver for American Bank & Trust Co., Defendant-Appellee,

v.

Joseph M. SLOCUM, Defendant-Appellant.

Sept. 23, 1994.

Appeal from the United States District Court for the Middle District of Louisiana.

Before ALDISERT,[1] REYNALDO G. GARZA and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

Greater Slidell Auto Auction appeals the summary dismissal of its complaint for lack of subject matter jurisdiction based on its failure to pursue its administrative remedies against the Federal Deposit Insurance Corporation as receiver of a failed bank. We hold that the district court has jurisdiction. We vacate the dismissal and remand for further proceedings.

I.

Greater Slidell Auto Auction, Joseph Slocum, and Rebecca Toblin Slocum filed suit in state court for breach of contract

---

[1]Circuit Judge of the Third Circuit, sitting by designation.

1

against the American Bank & Trust Company ("AmBank") in February 1988, after AmBank canceled Greater Slidell's line of credit. In August 1990 the FDIC was appointed receiver for AmBank and, on September 4, substituted itself for the failed bank and removed the action to federal court. The FDIC then sought and obtained a 90-day stay of the action pursuant to the Financial Institutions Reform and Recovery Act of 1989 (FIRREA), 12 U.S.C. § 1821(d)(12).

In February 1993 the FDIC moved to dismiss based on Plaintiffs' failure to exhaust their administrative remedies. *See id.* § 1821(d)(13)(D) (limiting jurisdiction over claims against depository institution); *Meliezer v. RTC,* 952 F.2d 879, 882 (5th Cir.1992) (interpreting § 1821(d)(13)(D) as an exhaustion requirement for claims filed after a receiver is appointed). It argued that FIRREA required Plaintiffs to present their claim to the FDIC by the deadline established on the FDIC's notice to creditors of its appointment as receiver. *See id.* § 1821(d)(3)(B) (requiring publication of a notice to creditors to present their claims by a date specified in the notice) & (5)(B) (providing for allowance of timely claims). The FDIC also contended that Plaintiffs' failure to file a claim in a timely manner forever barred that claim. *See id.* § 1821(d)(5)(C) (providing for final disallowance of untimely claims).

The FDIC published notice of its appointment and of the claims deadline in a local newspaper in accordance with FIRREA's notice requirement under 12 U.S.C. § 1821(d)(3)(B). The FDIC never mailed notice to Plaintiffs as required by § 1821(d)(3)(C), however.

2

The district court dismissed the action based on Plaintiffs' failure to exhaust their administrative remedies, relying on *Meliezer.* The court concluded that an administrative claim could not be deemed filed by the initiation of a lawsuit. Final judgment was entered, and this appeal followed.

Plaintiffs now present two issues for our consideration. They contend that the FDIC's failure to mail notice of the bar date in accordance with § 1821(d)(3)(C) (in addition to meeting the notice-by-publication requirement of subsection (d)(3)(B)) constituted a violation of due process, even if such mailing is not mandatory under the statute;  and that the dismissal was improper because Plaintiffs' pending state court action constituted a "claim filed" with the FDIC such that the exhaustion requirements were met.

## II.

Plaintiffs argue that the court erred by failing to consider their state court petition as satisfying the statutory requirement that they "present" a claim to the receiver. If a claimant with a suit pending against the failed institution when the receiver is appointed receives no notice from the receiver of the administrative process, the receiver has "the option to either request a stay, and proceed administratively *based on the claimant's complaint or any substitute or supplemental filing it may request,* or forego the privilege of requesting a stay and thus proceed judicially." *Whatley v. RTC,* No. 93-2104, slip op. at ----, --- F.3d ----, (5th Cir. September 7, 1994) (emphasis added).  In

3

this case the receiver requested a stay but did not mail Plaintiffs notice of the administrative claims procedure despite the receiver's knowledge of the Plaintiffs' pending suit. We hold that where the receiver fails to give notice of any other claims procedure, it must consider any pending law suits in the administrative process or forego the administrative process and proceed with the law suit. The receiver was thus bound to proceed administratively based on the claim as set forth in the petition pending in the court action. *Id.*

Such a holding is not at odds with *RTC v. Mustang Partners*, 946 F.2d 103, 106 (10th Cir.1991), or *Brady Development Co. v. RTC,* 14 F.3d 998, 1005 (4th Cir.1994). Though *Mustang* and *Brady* refused to consider a petition or counterclaim pending in court against the receiver as satisfying the statutory requirement that the claimant "present" a claim administratively, neither case considered the situation here or in *Whatley, i.e.,* that the receiver had not notified the claimant that any additional presentation of the claim was expected or required. *See Mustang,* 946 F.2d at 106 (noting that RTC complied with the notice requirements with respect to the claimant); *Brady,* 14 F.3d at 1005 (noting that RTC had followed the requisite statutory provisions). A claimant with a law suit pending against the bank when the receiver is appointed is entitled to mailed notice of the administrative claims procedure before the rule of *Mustang* or *Brady* could apply.

The consequence of the receiver's failure to act upon the claim administratively is that the jurisdiction of the court

4

continues over the Plaintiffs' action under § 1821(d)(6)(A) ("claimant may ... continue an action commenced before the appointment of the receiver" within 60 days of the expiration of the claims-determination period described in § 1821(d)(5)(A)(i)).

### III.

We are also persuaded by Plaintiffs' argument that failure to provide them notice by mail violates their right to due process.[2] Mailing of notice to claimants known to the receiver is constitutionally required; for such claimants, publication of notice (which is sufficient for unknown claimants) is constitutionally infirm. *See Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 317-20, 70 S.Ct. 652, 658-60, 94 L.Ed. 865 (1950); *Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 798-800, 103 S.Ct. 2706, 2711-12, 77 L.Ed.2d 180 (1983); *see also Whatley,* slip op. at ---- (Duhé, J., concurring). The statutory requirement of mailed notice to claimants who become known applies as a

---

[2]Even if our ruling regarding continuing jurisdiction under § 1821(d)(6)(A) is in error, we would nevertheless find federal jurisdiction to determine Plaintiffs' claim because of the due process challenge. Although *Meliezer* considers the restriction on jurisdiction in § 1821(d)(13)(D) an exhaustion requirement, a due process challenge to administrative procedures may be brought in federal court despite any exhaustion requirement. *See Bowen v. City of New York,* 476 U.S. 467, 483, 106 S.Ct. 2022, 2031-32, 90 L.Ed.2d 462 (1986) (recognizing exception to exhaustion requirement if claimant asserts a constitutional challenge collateral to his substantive claim); *DCP Farms v. Yeutter,* 957 F.2d 1183, 1189 (5th Cir.) (recognizing exception to exhaustion requirement when plaintiff's contention is that the administrative system is itself unlawful or unconstitutional), *cert. denied,* --- U.S. ----, 113 S.Ct. 406, 121 L.Ed.2d 331 (1992); *Information Resources, Inc. v. United States,* 950 F.2d 1122, 1126 (5th Cir.1992) (recognizing exception to exhaustion requirement where administrative remedies are inadequate).

constitutional minimum to a claimant known by reason of a law suit pending when the receiver is appointed.

IV.

The district court's jurisdiction continues over the merits of the claim. The judgment of dismissal is

VACATED and the matter is REMANDED for further proceedings.

ALDISERT, Circuit Judge, dissents and will assign written reasons.

6