38 F.3d 180
 GREATER SLIDELL AUTO AUCTION, INC. and Rebecca Toblin
Slocum, Plaintiffs-Appellants,
v.
AMERICAN BANK & TRUST CO. OF BATON ROUGE, LA., et al., Defendants.
FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for
American Bank & Trust Co., Defendant-Appellee,
v.
Joseph M. SLOCUM, Defendant-Appellant.
 No. 93-3443.
 United States Court of Appeals,
Fifth Circuit.
 Nov. 7, 1994.
 
 Chester J. Caskey, Baton Rouge, LA, for appellant.
 Daniel G. Lonergan, F.D.I.C., Washington, DC, Paul S. West, and R. Marshall Grodner, McGlinchey, Stafford & Lang, Baton Rouge, LA, for appellee.
 Appeal from the United States District Court for the Middle District of Louisiana; John V. Parker, Chief Judge.
 Before ALDISERT*, REYNALDO G. GARZA and DUHE, Circuit Judges.
 
 ALDISERT, Circuit Judge, dissenting:
 
 1
 The majority opinion in this case was filed on September 23, 1994, stating that I would dissent and assign written reasons. Greater Slidell Auto Auction, Inc. v. American Bank & Trust Co., 32 F.3d 939 (5th Cir.1994). Because I do not believe that a lawsuit pending in a state court at the time the FDIC is appointed receiver for a failed bank satisfies FIRREA's statutory requirement of filing an administrative claim, I dissent and would affirm the judgment of the district court dismissing for lack of subject matter jurisdiction.
 
 I.
 
 2
 Appellants filed suit in state court for breach of contract against American Bank and Trust Company in February 1988. The FDIC was appointed receiver in August 1990 and, shortly thereafter, substituted itself for the failed bank and removed the action to federal court. At this point, Appellants indisputably received actual notice of the receivership. Moreover, although the FDIC did not mail to Appellants notice of its appointment or of the claims deadline pursuant to 12 U.S.C. Sec. 1821(d)(3)(C), it did publish such notice on three separate occasions in a local newspaper in accordance with Section 1821(d)(3)(B), thereby initiating the administrative claims process. See Whatley v. Resolution Trust Corp., 32 F.3d 905, 906 (5th Cir.1994). Significantly, Appellants never even attempted to file an administrative claim with the FDIC, as required by Section 1821(d)(3) and (5). Thus this is not a case of a tardy administrative claim filing; it is a case of no administrative claim filing whatsoever.
 
 
 3
 My disagreement with the majority view is that it flies in the face of established precedent of this court, specifically the holdings in Meliezer v. Resolution Trust Co., 952 F.2d 879, 882-83 (5th Cir.1992) and Carney v. Resolution Trust Corp., 19 F.3d 950, 955 (5th Cir.1994), and disregards the persuasive reasoning in other federal courts of appeals unequivocally holding that a pending state court action does not constitute an administrative claim filed with the FDIC. See Resolution Trust Corp. v. Mustang Partners, 946 F.2d 103, 106 (10th Cir.1991); Brady Dev. Co., Inc. v. Resolution Trust Corp., 14 F.3d 998, 1005 (4th Cir.1994).
 
 
 4
 In Meliezer, we concluded that a receiver's failure to mail individual notice to a known creditor does not excuse the creditor plaintiff from taking part in the administrative process under FIRREA. We held that although Section 1821(d)(3)(C) provides that "[t]he receiver shall mail a notice ... to any creditor shown on the institution's books," failure to comply with that provision does not excuse a plaintiff from filing an administrative claim because the statute does not impose "a consequence for failure of compliance." 952 F.2d at 883 (citations omitted). In Carney, we noted that "FIRREA makes participation in the administrative claim review process mandatory, regardless of whether the claims [in litigation] were filed before or after the RTC was appointed receiver of the failed institution." 19 F.3d at 955 (citations omitted).
 
 
 5
 It is instructive to examine the majority's holding in light of Meliezer and Carney. The majority state: "We hold that where the receiver fails to give notice of any other claims procedure, it must consider any pending law suits in the administrative process or forego the administrative process and proceed with the law suit. The receiver was thus bound to proceed administratively based on the claim as set forth in the petition pending in the court action." Greater Slidell Auto Auction, Inc. v. American Bank & Trust Co., 32 F.3d 939, 941 (5th Cir.1994). The majority view flies in the face of Carney because it eliminates the administrative claim filing requirement when litigation was commenced before the RTC was appointed receiver of the failed institution. It stands at odds with Meliezer because it excuses the administrative claim filing requirement when the receiver has failed to mail notice of the claims procedure to the plaintiff, even though Meliezer specifically states that no consequence attaches to such a failure.
 
 II.
 
 6
 The majority attempt an end run around the clear precedents of this court by inventing the notion that a pending state lawsuit is, in fact, an administrative claim filed with the FDIC. This fiction was rejected by our sister Courts of Appeals for the Tenth and Fourth Circuits. In Mustang Partners, 946 F.2d at 106, the court stated:
 
 
 7
 Mustang argues that because the suit was pending at the time the RTC was named receiver, RTC-receiver had ample notice of Mustang's counterclaims, and no further notice of Mustang's claims was required.... [A] thorough reading of the applicable provisions in FIRREA fails to produce any language which could be construed to support Mustang's argument that the claims procedure can be dispensed with in cases where suit was filed prior to the appointment of the receiver.... No interpretation is possible which would excuse this requirement for creditors with suits pending, or allow the filing of suit to substitute for the claims process ... [W]e conclude that Mustang's right to continue pursuing its pending lawsuit is dependent upon its compliance with FIRREA's claims provisions.
 
 
 8
 See also Brady, 14 F.3d at 1005 (endorsing the reasoning in Mustang Partners and holding that a pending suit does not fulfill the separate administrative claim requirement).[1]
 
 
 9
 The majority attempt to distinguish the solid reasoning of the Tenth and Fourth Circuits on the ground that in Mustang Partners and Brady the receiver fully complied with the notice provisions whereas in this case, although the receiver properly published notice on three separate occasions in local newspapers, it apparently failed to send written notice to Appellants. This analysis runs counter to settled case law of this court. We addressed this precise issue in Meliezer and concluded that the failure to mail notice does not excuse a plaintiff from filing an administrative claim. This is particularly true in a case where, as here, the receiver properly published notice and Appellants received actual notice of the receivership by the FDIC's motion for substitution and removal.
 
 
 10
 The majority opinion erects a false dichotomy between actions filed pre- and post-receivership when it states "[a] claimant with a law suit pending against the bank when the receiver is appointed is entitled to mailed notice of the administrative claims procedure before the rule of Mustang or Brady could apply." 32 F.3d at 942. In so doing, the majority opinion ignores the law of this court. In Carney we specifically stated that participation in the administrative process is mandatory regardless of whether the original action was filed before or after the failed bank went into receivership. 19 F.3d at 955. The majority proceed as if the teachings of Carney do not exist.
 
 III.
 
 11
 The majority elect also to address Appellants' due process argument, even though the record shows it was not raised before the district court. We need not address a purely legal argument raised for the first time on appeal unless failure to consider it would result in a "miscarriage of justice." Lindsey v. Federal Deposit Ins. Corp., 960 F.2d 567, 572 (5th Cir.1992). Moreover, we lack subject matter jurisdiction to address Appellants' constitutional arguments. Section 1821(d)(13)(D) makes exhaustion of the administrative process a precondition to federal jurisdiction, and Appellants to this day have not attempted to proceed administratively. See Thomes v. Equitable Sav. & Loan Ass'n, 837 F.2d 1317, 1318 (5th Cir.1988) (holding that plaintiffs' failure to exhaust their claims before the FSLIC made "the constitutional issue presented ... not ripe for determination" because the administrative proceedings might "avoid the necessity of reaching a judicial decision" and because "we are convinced that not until we can review in full the administrative proceedings can we intelligently and cogently address the question whether the proceedings satisfy constitutional requirements."). Finally, the majority's conclusion that "failure to provide [Appellants] notice by mail violates their right to due process," 32 F.3d at 942, implicitly overrules Meliezer, which holds that failure to provide notice by mail does not constitute inadequate notice. Were I to reach the merits, however, I would conclude that there was no violation of procedural due process because Appellants received actual notice of the receivership and were consequently on inquiry notice as to the bar date for filing claims.IV.
 
 
 12
 Nor may the majority find comfort in Whatley v. Resolution Trust Corp., 32 F.3d 905 (5th Cir.1994). This case may be distinguished from Whatley in one very important respect. In Whatley, "[u]naware of the procedure for filing an administrative claim, on September 27, 1991 the plaintiffs sent RTC a letter advising of the claims made in their pending lawsuit." 32 F.3d at 907. Section 1821(d)(3)(B) requires that a claim be presented in a timely manner to the FDIC or RTC but does not specify the form such a claim must take. The letter to the RTC in Whatley, although fashioned as a presentation of a claim under the Federal Torts Claim Act, arguably satisfied the administrative claims filing requirement. In this case, however, the record reflects that Appellants sent no such notice of claim to the receiver in any form whatsoever either before or after the bar date. It is also significant that the receiver in Whatley not only failed to send written notice to the creditor, but failed also to publish notice in the county in which the plaintiffs lived and originally had filed their suit. Id. No such defect in the publication requirement is alleged here.
 
 V.
 
 13
 In sum, I believe that the teachings of Carney and Meliezer control this case. In Carney we held that a plaintiff must avail itself of FIRREA's administrative claims process before pursuing a judicial action, regardless of whether the plaintiff filed its action before or after the failed bank went into receivership. In Meliezer we held that the receiver's failure to mail written notice of the receivership and bar date to known creditors does not excuse this administrative claims requirement.
 
 
 14
 Because the majority conclude that plaintiffs filing suits prior to receivership need not comply with FIRREA's administrative claims filing requirement in cases in which the receiver failed to send written notice, I dissent and would affirm the judgment of the district court.
 
 
 
 *
 Circuit Judge of the Third Circuit, sitting by designation
 
 
 [1]
 In rejecting the reasoning of Mustang Partners and Brady, the majority ignore analogous areas of jurisprudence in which this court has held the filing of a claim to be a condition precedent to filing a lawsuit. For example, under the Federal Tort Claims Act, 28 U.S.C. Sec. 2675(a), a plaintiff must first file a claim with the appropriate federal agency and have that claim finally denied before pursuing a lawsuit. Shah v. Quinlin, 901 F.2d 1241, 1244 (5th Cir.1990) ("To the extent [appellant's] claims fell within the Federal Tort Claims Act, his failure to exhaust his administrative remedies would be a jurisdictional bar to proceeding in court.") (footnote and citation omitted). Similarly, under the Internal Revenue Code, 26 U.S.C. Sec. 7422(a), a taxpayer must first file an administrative claim before pursuing an action in district court for a refund of federal income taxes. Gustin v. Internal Revenue Serv., 876 F.2d 485, 488 (5th Cir.1989) ("Failure to file a claim for a refund deprives the court of subject matter jurisdiction."). Finally, in Title VII claims under 42 U.S.C. Secs. 2000e-5(e) and (f), administrative exhaustion is required before the district courts may entertain a complaint. Clark v. Kraft Foods, Inc., 18 F.3d 1278, 1279 (5th Cir.1994) ("As a jurisdictional predicate [appellant] had to exhaust EEOC remedies for the sex-based discrimination advanced in this action.") (footnote omitted). FIRREA, 12 U.S.C. Sec. 1821(d)(3)(B), likewise requires the filing of an administrative claim and, as in the examples cited above, federal jurisdiction does not vest until such a claim is filed and the administrative process exhausted. See Carney, 19 F.3d at 955