**Vicki L. LADD, Plaintiff,**

v.

**The SECOND NATIONAL BANK OF WARREN, et al., Defendants.**

**No. 4:96cv59.**

United States District Court, N.D. Ohio.

Aug. 13, 1996.

Nancy Grim, Kent, OH, for Vicki L. Ladd.

William Lee Hawley, Hoppe, Frey, Hewitt & Milligan, Warren, OH, for Second National Bank of Warren.

Evelyn P. Schonberg, Ross, Brittain & Schonberg, Cleveland, OH, David R. Schachter, Joel A. Klarreich, Klein, Heisler & Klarreich, New York City, for Tempsamerica East, Inc.

Harold C. Reeder, Jr., Earle C. Horton, Brett E. Horton, Graves & Horton, Cleveland, OH, for Federal Deposit Insurance Corporation.

## MEMORANDUM OPINION AND ORDER

ECONOMUS, District Judge.

This matter is before the Court on the motion of Defendant, Federal Deposit Insurance Corporation ("FDIC"), to dismiss Plaintiff's claims and Defendant, TempsAmerica East Inc.'s ("TempsAmerica") cross claim. Plaintiff filed this action against FDIC, TempsAmerica and Second National Bank of Warren ("Second National") for alleged violations of the Family and Medical Leave Act.

For the reasons set forth below, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims against FDIC and TempsAmerica's cross claim against FDIC.

On September 16, 1994, the Resolution Trust Corporation ("RTC") was appointed receiver of TransOhio Federal Savings Bank ("TransOhio"). FDIC is the statutory successor to RTC as receiver of TransOhio. Second National acquired various assets and liabilities of the TransOhio branch in Ravenna, Ohio. Second National contracted with TempsAmerica to provide interim staffing of the Ravenna branch.

Plaintiff was an employee of TransOhio and was retained by TempsAmerica and Second National until October 5, 1994. Plaintiff alleges that Defendants violated the Family and Medical Leave Act of 1993 when she was discharged.

TempsAmerica filed a cross claim against FDIC and Second National which asserts that it is only secondarily involved and that FDIC and Second National are primarily liable. TempsAmerica seeks indemnification from these Defendants if Plaintiff is successful on her claims.

FDIC alleges that this Court lacks subject matter jurisdiction over the claims against it. It asserts that Plaintiff and TempsAmerica failed to exhaust the administrative remedies as required by the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA") which are outlined in 12 U.S.C. § 1821(d).

In pertinent part, 12 U.S.C. § 1821(d) provides as follows:

(3) Authority of receiver to determine claims

. . . . .

(B) Notice requirements

The receiver, in any case involving the liquidation or winding up of the affairs of a closed depository institution, shall—

(I) promptly publish a notice to the depository institution's creditors to present their claims, together with proof, to the receiver by a date specified in the notice which shall be not less than 90 days after the publication of such notice; and

(ii) republish such notice approximately 1 month and 2 months, respectively, after the publication under (I).

(C) Mailing required

The receiver shall mail a notice similar to the notice published under subparagraph (B)(I) at the time of such publication to any creditor shown on the institution's books—

(I) at the creditor's last address appearing in such books; or

(ii) upon discovery of the name and address of a claimant not appearing on the institution's books within 30 days after the discovery of such name and address.

. . . . .

(5) Procedures for determination of claims

. . . . .

(C) Disallowance of claims filed after end of filing period

(I) In general

Except as provided in clause (ii), claims filed after the date specified in the notice published under paragraph (3)(B)(I) shall be disallowed and such disallowance shall be final.

(ii) Certain exceptions

Clause (I) shall not apply with respect to any claim filed by any claimant after the date specified in the notice published under paragraph (3)(B)(I) and such claim may be considered by the receiver if—

(I) the claimant did not receive notice of the appointment of the receiver in time to file such claim before such date; and

(II) such claim is filed in time to permit payment of such claim.

(6) Provision for agency review or judicial determination of claims

(A) In general

Before the end of the 60–day period beginning on the earlier of—

(I) the end of the period described in paragraph (5)(A)(I) with respect to any claim against a depository institu-

tion for which the Corporation is receiver; or

(ii) the date of any notice of disallowance of such claim pursuant to paragraph (5)(A)(I),

the claimant may request administrative review of the claim in accordance with subparagraph (A) or (B) of paragraph (7) or file suit on such claim ... in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim.)

(B) Statute of limitations

If any claimant fails to—

(I) request administrative review of any claim in accordance with subparagraph (A) or (B) of paragraph (7); or

(ii) filed suit on such claim (or continue an action commenced before the appointment of the receiver),

before the end of the 60–day period described in subparagraph (A), the claim shall be deemed to be disallowed ... as of the end of such period, such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim.

. . . . .

(13) Additional rights and duties

. . . . .

(D) Limitation on judicial review

Except as otherwise provided in this subsection, no court shall have jurisdiction over—

(I) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets which the Corporation may acquire from itself as such receiver, including assets which the Corporation may acquire from itself as such receiver; or

(ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

■ On September 22, 1994, October 24, 1994, and November 25, 1994, FDIC published a general notice in the Akron Beacon Journal and the Cleveland Plain Dealer advising claimants of the process of filing claims against TransOhio and the deadline of December 30, 1994 for such filing. Neither Plaintiff nor TempsAmerica have filed a claim for administrative review. In its Motion to Dismiss, FDIC argues that the Court lacks jurisdiction over their claims due to their failure to exhaust the administrative process.

"The language of FIRREA clearly indicates that unless administrative procedures are complied with, no court shall have jurisdiction to evaluate a claim brought against a failed banking institution for whom the RTC has been appointed receiver." *Bueford v. Resolution Trust Corporation,* 991 F.2d 481 (8th Cir.1993). Although the Sixth Circuit has not addressed this issue, each jurisdiction which has faced this question has also required the exhaustion of administrative remedies prior to the district court asserting jurisdiction over a claim against the RTC or FDIC. *See e.g. Freeman v. F.D.I.C.,* 56 F.3d 1394 (D.C.Cir.1995) (FIRREA section providing that no court may have jurisdiction over any claim against the assets of a failed institution for FDIC has been appointed receiver acts as jurisdictional bar to claims or actions by parties who have not exhausted their administrative remedies.); *Meliezer v. Resolution Trust Co.,* 952 F.2d 879 (5th Cir. 1992) (Exhaustion of administrative remedies is statutory prerequisite to maintenance of action against RTC).

■ Plaintiff has failed to exhaust the administrative process. She also does not fit the exceptions to the exhaustion requirement which are set forth in § 1821(d)(5)(C) because she had actual knowledge of the appointment of the receiver prior to the events which allegedly gave rise to her claims. However, Plaintiff argues that she should be excused from the administrative procedures as the FDIC failed to mail her the notice as mandated in § 1821(d)(3)(C)(ii). The Fifth

 

Circuit has held that the RTC does not waive exhaustion of administrative remedies by failing to mail out notices. *Meliezer* at 883. This Court is in accord with this view. Therefore, the Court lacks subject matter jurisdiction over Plaintiff's claims against the FDIC.

TempsAmerica argues that it should be exempt from the exhaustion requirement because its claim for indemnification did not arise until Plaintiff asserted her claims against it which occurred after the administrative claims deadline of December 30, 1994. The FDIC has promulgated internal forms which permit the filing of late claims. These internal forms were upheld as a permissible interpretation of the FIRREA in the First Circuit. *Heno v. F.D.I.C.*, 20 F.3d 1204 (1st Cir.1994). Therefore, claims which may be discovered after the filing deadline still receive administrative review by the FDIC.

In the instant case, the first notice of Plaintiff's claims was in a claims letter from Plaintiff's counsel to TempsAmerica dated March 20, 1995. Plaintiff filed this Complaint on January 11, 1996. TempsAmerica did not attempt to file an administrative claim even after it was on notice of Plaintiff's claims.

There is no provision in FIRREA which expressly addresses such a situation nor has the Sixth Circuit made a decision regarding this fact pattern. In *Simon v. F.D.I.C.*, 48 F.3d 53 (1st Cir.1995), the Court held that the District Court lacked jurisdiction over a borrower's claim which arose after the filing deadline due the borrower's failure to exhaust his administrative remedies. This Court finds that the rationale of *Simon*, supra, should be applied to the facts of the case at bar. Since TempsAmerica failed to initiate the administrative process, the Court concludes that it lacks jurisdiction over its claims against the FDIC.

For the reasons set forth above, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims and TempsAmerica's cross claim against the FDIC. Accordingly, Defendant's Motion to Dismiss (Dkt. # 22) is **GRANTED.**

Plaintiff's claims against the FDIC and TempsAmerica's cross claim against the FDIC are hereby **DISMISSED.**

**IT IS SO ORDERED.**