United States Court of Appeals, Eleventh Circuit.

No. 94-4740.

David L. PAUL, Plaintiff-Appellant,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, Defendant-Appellee.

Aug. 14, 1996.

Appeal from the United States District Court for the Southern District of Florida. (No. 94-442-CV-FAM) Federico A. Moreno, Judge.

Before EDMONDSON and DUBINA, Circuit Judges, and CUDAHY[*], Senior Circuit Judge.

CUDAHY, Senior Circuit Judge.

This procedurally complicated case involves a challenge to administrative action regarding property held by the Resolution Trust Corporation (RTC) in its capacity as receiver for a failed savings institution. The district court dismissed the challenge on the grounds that it lacked subject matter jurisdiction in light of the undisputed facts of the case. The plaintiff, David L. Paul appealed this dismissal, and, after initially contesting the appeal, the RTC filed a Stipulation of Reversal with this court. After the dissolution of the RTC at the end of last year, the FDIC succeeded to the RTC's position and adopted the RTC's Stipulation. We accept the stipulation, which we construe as a confession of error, and we remand the case to the district court. But the nature of our order reflects a careful consideration of the facts of the case, and we believe it appropriate to explicate our consideration here.

---

[*]Honorable Richard D. Cudahy, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

We begin with the factual background of the case. Between 1983 and 1990, Paul was the Chairman and Chief Executive Officer of CenTrust Savings Bank. In February 1990, the RTC became conservator of CenTrust and was later named as its receiver. When the RTC took control of the institution, it removed Paul from his official positions, and it seized all of the property contained in CenTrust's offices.

Paul claims that some of this property belonged to him personally and that, as the receiver, the RTC was not entitled to it. The items that Paul identifies as his personal property have a total value of approximately $250,000, and they include family photographs, paintings, prints and other artwork. Within a few weeks of his removal from the bank, Paul began a correspondence with the RTC regarding the property. He asked for its return, and the RTC responded with a request for documentation of his ownership. This correspondence regarding the property and the proof of its ownership continued into 1991. During the early stages of this correspondence, the RTC published notice of its status as receiver and of the deadline for filing claims for the return of property. The deadline was set for October 6, 1990. In August 1991, Paul filed a Notice of Claim Form with the RTC pursuant to the prescriptions of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA), which controls how the RTC will conduct its receivership. In December 1991, the RTC ruled on the merits of Paul's claims, finding that he had not adequately proven his ownership of the property in question.

Paul filed a lawsuit in the district court challenging the

denial of his claim. [1] The RTC sought the dismissal of his complaint on the ground that the district court lacked subject matter jurisdiction. Under the terms of FIRREA, a district court can review the RTC's denial of a claim only if the claimant has exhausted his administrative remedies. *See* 12 U.S.C. § 1821(d)(13)(D). The RTC insisted that Paul had not done so because his formal Notice of Claim was not filed until long after the deadline for claims. The district court agreed and dismissed the case. As we have noted, Paul appealed this decision and we have received briefing and have heard oral argument in the matter.

After the oral argument, on November 13, 1995, the RTC filed a Stipulation of Reversal with us. The Stipulation asserted that the RTC had "reexamined the circumstances of the filing of Appellant[ ] David Paul's administrative claim[ ] and has concluded that it is appropriate to exercise its discretion pursuant to 12 U.S.C. 1821(d)(5)(C)(ii) to consider [A]ppellant's claim as timely filed." The RTC thereby confessed that Paul was entitled to a reversal of the district court's dismissal of his complaint. After the submission of the Stipulation, on December 31, 1995, the RTC dissolved and was succeeded by the Federal Deposit Insurance Corporation (FDIC), which adopted the RTC's Stipulation and now substitutes for the RTC in this matter.

---

[1]All of the claims in Paul's complaint address the legality of the RTC's administrative action in denying his claim, not the RTC's authority to seize the property or its authority to take original jurisdiction over the claims. The complaint notes that Paul has filed a separate lawsuit in state court for conversion and replevin, and we assume that this litigation has addressed or will address the RTC's authority to seize property and to make initial decisions about those claims.

We do not compel litigants to pursue disputes against their will. We therefore are inclined to accept the Stipulation of Reversal and to remand the case to the district court. This is not, however, a simple matter, given the facts of the case, the course of the proceedings, and the nature of the FDIC's Stipulation. In light of these factors, the Stipulation raises a number of problems that we must resolve if this order of reversal is to be properly instructive.

As the Stipulation is written, we cannot immediately determine what it is that the FDIC stipulates. The FDIC describes the Stipulation as emerging from its discretion to consider Paul's claim as timely filed, noting that this discretionary authority is created by § 1821(d)(5)(C)(ii). Viewed in the light of this description, the Stipulation seems to be a legal concession by the FDIC, forgiving the untimely filing of Paul's claim and waiving the exhaustion of administrative remedies as a prerequisite to the district court's subject matter jurisdiction. Indeed, in another paper submitted to us after the filing of the Stipulation by the RTC, the FDIC seems to confirm this impression. It denied that the Stipulation was a confession of error and asserted that the RTC was correct in making its initial determination that Paul's claim was untimely filed. The FDIC thus seems to maintain that Paul's claim was, in fact, untimely, but that the legal consequences of this jurisdictional fact can be waived.

We hesitate to accept this characterization of the Stipulation, however. In ordinary circumstances, the parties to a challenge to administrative action under FIRREA may not waive

conditions to subject matter jurisdiction. *See Brady Dev. Co., Inc. v. RTC,* 14 F.3d 998, 1007 (4th Cir.1994); *Meliezer v. RTC,* 952 F.2d 879, 883 (5th Cir.1992). But, like the RTC before it, the FDIC is a government agency with specifically delegated legal powers that could, in some circumstances, permit it to cure problems of subject matter jurisdiction. Section 1821(d)(5)(C)(ii) may create those powers for the FDIC in some cases (a question we need not and do not decide here), but we cannot conclude that this provision has any relevance to this case. This section of the statute gives the FDIC discretion to hear claims filed after the filing deadline if the claimant did not have notice of the identity of the receiver before the deadline. The parties here do not dispute that Paul had such notice long before October 6, 1990. Indeed, the fact of this notice is obvious from copies of the correspondence in the record. The discretion conferred by § 1821(d)(5)(C)(ii) is narrowly drawn, and the FDIC loses this discretion after the claimant has notice of its status as receiver. *See Hudson United Bank v. Chase Manhattan Bank of Connecticut, N.A.,* 43 F.3d 843, 851 n. 20 (3d Cir.1994); *Brady,* 14 F.3d at 1007. Consequently, given the undisputed facts in this case, the FDIC has no power under § 1821(d)(5)(C)(ii) here, and the Stipulation cannot be the product of any power created by that statute.

We do note that one circuit court has found that the FDIC can exercise broad discretion under § 1821(d)(5)(C)(ii). In *Heno v. FDIC,* the First Circuit noted that, as a federal agency, the FDIC has extensive power to interpret § 1821(d)(5)(C)(ii). 20 F.3d

1204, 1208-10 (1st Cir.1994) (relying on *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)). According to *Heno,* the FDIC could effectively broaden its discretion under § 1821(d)(5)(C)(ii) by interpreting that section broadly in a manual of procedures. If the FDIC had alerted us to regulations or a manual of procedures pertaining to § 1821(d)(5)(C)(ii), these administrative provisions might have helped us understand how that section is relevant to this case and to the Stipulation of the Reversal. Because we do not have any such regulations or official procedures before us, we cannot find that § 1821(d)(5)(C)(ii) pertains to this case.

This brings us to another problem associated with the Stipulation of Reversal. During oral argument, we asked the RTC's counsel whether it had any regulations defining the procedures for filing claims and when these regulations might have been in force. On January 2, 1996 we ordered the RTC to produce these regulations, pointing out that we would not act on the Stipulation of Reversal without them. As the RTC's successor, the FDIC responded to this order by reminding us (unnecessarily) that it had discretion to establish the procedures for filing administrative claims and by insisting (without apparent basis) that the Notice of Claim form itself told us everything that we needed to know about its regulation of the administrative claims process. The FDIC appended a copy of the Notice of Claim form to their response. Although the tone of the FDIC's response borders on the disrespectful, we must assume that the response constitutes its compliance with—not its defiance of—our order of January 2. We must therefore presume that

this form constitutes the entirety of the regulations pertaining to the administrative claims process. These "regulations" are not broad or specific enough to convince us that the FDIC has the authority to cure any jurisdictional problems with Paul's claims.

Because the FDIC does not have the power here to waive any objection to subject matter jurisdiction, we must construe the Stipulation to be a confession of error that implies a fact that would be essential to finding subject matter jurisdiction in the district court. The only fact that would appear to confer subject matter jurisdiction on the district court is the fact that Paul's claim was timely filed. Therefore, the Stipulation must be an admission of this fact, but the Stipulation is not clear about the precise nature of the fact that it admits. The FDIC asserts that Paul's claim was timely filed, but what constitutes his claim? It may consist of the entire course of correspondence between Paul and the RTC that began in February 1990 or, alternatively, only of the Notice of Claim form that he filed in August 1991. If the district court is to review the RTC's treatment of Paul's claim, it must recognize what that claim was and what actions of the RTC were relevant to it. Because these factual matters are not clear from the face of the Stipulation, as an aid to the district court on remand, we will provide clarification.

We must conclude that the claim to which the Stipulation refers consists of the correspondence between Paul and the RTC beginning in February 1990. We reach this conclusion by a process of elimination. It is undisputed that Paul had notice of the RTC's status as receiver, and he had notice of the existence of the

claims process long before the deadline for filing claims.  Given these facts, it would be impossible to find that his filing of the Notice of Claim form in August 1991 was timely.  That filing could be considered timely only if § 1821(d)(5)(C)(ii) applied here, but, as we have noted, that section cannot apply.  Therefore, we must read the Stipulation of Reversal as an admission that Paul's correspondence with the RTC, which began in February 1990, was his claim and that it was timely filed.  The admission of this fact is enough to confer subject matter jurisdiction on the district court and to mandate our reversal of the dismissal of Paul's complaint.  This is the only legal basis for establishing subject matter jurisdiction in the district court.  On remand, Paul can challenge the legality of the entire course of conduct by the RTC with respect to his claims for the return of property.

The judgment of the district court dismissing Paul's complaint for lack of jurisdiction is REVERSED and the case is REMANDED for further proceedings not inconsistent with this opinion.