# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-1182


**FAYEZ AND AMAL SHAMIEH**

**VERSUS**

**FIRST NBC BANK HOLDING COMPANY, ET AL.**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 12-4961
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## SHANNON J. GREMILLION
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.


**REVERSED.**


**Hunter W. Lundy**
**T. Houston Middleton, IV**
**Lundy, Lundy, Soileau & Soth, L.L.P.**
**501 Broad Street**
**P.O. Box 3010**
**Lake Charles, LA 70602-3010**
**(337) 439-0707**
**COUNSEL FOR RESPONDENTS/APPELLEES:**
    **Fayez and Amal Shamieh**

**Robin B. Cheatham**
**Jeffrey E. Richardson**
**Scott R. Cheatham**
**Adams & Reese, LLP**
**4500 One Shell Square**
**New Orleans, LA 70139**
**(504) 581-3234**
**COUNSEL FOR APPLICANTS/APPELLANTS:**
    **HCB Financial Corporation**
    **First NBC Bank Holding Company**

**GREMILLION, Judge.**

The appellants, HCB Financial Corporation (HCB) and First NBC Bank Holding Company (First NBC), applied for writs to the Louisiana Supreme Court following our affirmation of the trial court's ruling denying their exception of lack of subject matter jurisdiction. *See Shamieh v. First NBC Bank Holding Co.*, 15-1182 (La.App. 3 Cir. 1/20/16), an unpublished writ. The supreme court granted the writ and remanded to this court for briefing, argument, and full opinion. Upon further consideration, we reverse the trial court's denial of appellant's declinatory exception of lack of subject matter jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

In April 2006, the Shamiehs, Louisiana residents, executed a mortgage and promissory note in favor of Central Progressive Bank (CPB) in the amount of $832,000 jointly with Florida resident Estephan Daher for the purpose of purchasing and developing real property in Florida. The loan was renewed and modified several times between 2007 and 2011, and the Shamiehs made the payments with little contribution from Daher. On November 18, 2011, CPB failed, and the Federal Deposit Insurance Corporation (FDIC) was appointed as receiver of CPB. On that same day, First NBC acquired the loan at issue from the FDIC.[1]

On November 30, 2012, the Shamiehs filed suit in the Fourteenth Judicial District against Daher, Daher Contracting, Inc., three employees of CPB (Mark Juneau, Ralph Menetre, III, and Donna Erminger), and First NBC. The Shamiehs sought rescission of the mortgage and promissory note, alleging fraud on part of

---

[1] There is some discrepancy regarding the date that First NBC acquired the loan from the FDIC. The briefs submitted by the Shamiehs and HCB/First NBC indicate that the loan was transferred on the same day the FDIC assumed the assets and liabilities of CPB, i.e., November 18, 2011. The federal opinions discussed hereafter state that the loan was transferred by the FDIC to First NBC on December 14, 2011. The Shamiehs petition states, "On or about December 14, 2011, First NBC Bank approved the loan renewal and/or modification, and Daher and Petitioners executed a Change in Terms Agreement and Modification of Mortgage." In either case, the actual date of transfer is irrelevant to our findings.

the bank employees because they knew or should have known that Daher was insolvent.

On November 30, 2013, HCB acquired the loan at issue from First NBC. On January 8, 2014, the Shamiehs filed a First Supplemental and Amending Petition adding HCB and three other individuals involved in financial dealings with Daher (Olin Marler, Kevin Tingle, and Rufus Tingle) as defendants.

HCB removed the lawsuit to the United States District Court for the Western District of Louisiana, Lake Charles Division, based on provisions of the Financial Institution Reform, Recovery, and Enforcement Act of 1989 (FIRREA), Pub.L. No. 101-73, 103 Stat. 183 (1989). The Shamiehs filed a motion seeking to have the case remanded to state court. The federal court found that HCB did not have authority under FIRREA to remove the case, and the federal magistrate judge recommended that the Shamiehs motion for remand be granted. *Shamieh v. HCB Fin. Corp.*, No. 2:14-cv-02215, 2014 WL 5365452 (W.D.La. Oct. 21, 2014). The federal district court affirmed the magistrate judge's recommendation and granted the motion to remand. *Shamieh v. HCB Fin. Corp.*, No. 2:14-cv-2215, 2015 WL 432604 (W.D.La. Jan. 29, 2015).

Once back in state court, HCB and First NBC filed a Declinatory Exception of Lack of Subject Matter Jurisdiction arguing that no court had jurisdiction because FIRREA mandated that administrative remedies be exhausted before filing suit. Following a hearing on November 20, 2015, the trial court denied HCB and First NBC's exception.

HCB and First NBC thereafter filed a writ application with this court, which was denied on January 20, 2016. HCB and First NBC filed a writ application with the Louisiana Supreme Court on February 17, 2016. The supreme court granted

2

the application on April 8, 2016, and remanded to this court for briefing, argument, and full opinion.

## ASSIGNMENT OF ERROR

HCB and First NBC's sole assignment of error is that the trial court erred in denying their exception of lack of subject matter jurisdiction because the Shamiehs had not exhausted the administrative remedies required under FIRREA before filing suit.

## DISCUSSION

At the outset, we note that Congress's legislation in FIRREA, which aimed to enable the smooth and timely processing of claims against failed banks, is not a simple and easy-to-understand piece of legislation. As noted by the court in *Marquis v. FDIC*, 965 F.2d 1148 (1st Cir. 1992):

> FIRREA's text comprises an almost impenetrable thicket, overgrown with sections, subsections, paragraphs, subparagraphs, clauses, and subclauses-a veritable jungle of linguistic fronds and brambles. In light of its prolixity and lack of coherence, confusion over its proper interpretation is not only unsurprising-it is inevitable.

*Id*. at 1151.

The section of FIRREA pertaining to an administrative remedy is found in 12 USC § 1821(d)(13)(D)(i) & (ii) which states:

> Except as otherwise provided in this subsection, no court shall have jurisdiction over --
>
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
>
> (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

"Although FIRREA does not explicitly mandate exhaustion of administrative remedies before judicial intervention, the language of the statute and

3

indicated congressional intent make clear that such is required." *Meliezer v. Resolution Trust Co.*, 952 F.2d 879, 882 (5th Cir. 1992). Numerous cases support this application of FIRREA. "'When exhaustion is statutorily mandated, the requirement is jurisdictional.'" *Id.* (*quoting Townsend v. United States Dep't of Justice Immigration & Naturalization Serv.,* 799 F.2d 179, 181 (5th Cir. 1986)).

Further, there is no doubt that the Shamiehs' claims relate to acts of the failed institution, CPB, which is plain on the face of their petition and requires no review.

The Shamiehs argue that the federal rulings remanding their case to state court held that FIRREA does not apply at all to the facts of this case. Based on the wording of the federal opinions, we could see how the Shamiehs could advance this argument. The magistrate judge's slip opinion granted the Shamiehs' request for remand to state court. But, this proceeding involved an involuntary bankruptcy petition filed against Daher and HCB's request that the case be transferred to Florida. The magistrate court stated in part:

> Due to the substantial federal interest in ensuring its sustainability, [FIRREA] of 1989 gives the FDIC significant removal power in state court actions in which it is a party. In addition to extending the time-limit for removal the Act also allows the FDIC to unilaterally remove even if it is realigned as a plaintiff. While we acknowledge that this power has been held to extend even to third party institutions who later acquire assets from the FDIC, we cannot conclude that it does so in this case.

> Here, as the plaintiffs aptly point out, the FDIC was never a party to this case. In fact the FDIC could never have been a party since the suit was not filed until after it transferred the mortgage to NBC. In addition the defendant did not acquire the mortgage directly from the FDIC but instead obtained it from NBC nearly two years after the initial transfer. In each of the cases cited above and notably in those cited by the defendant the FDIC had either been a party to the initial suit or had transferred it rights directly to the party asserting removal while litigation was still pending.

> . . . Here, we deal with § 1819 and we find that extending its broad removal powers to every successor who might happen to

4

acquire an asset once held by the FDIC would dilute the removal restrictions of § 1446, and would expand federal jurisdiction to an overwhelming degree.

. . . .

Applying these factors to this case, we find remand proper. First and since FIRREA does not apply there is no independent basis for federal jurisdiction absent the bankruptcy petition because the parties are non-diverse and these are all state law claims.

*Shamieh v. HCB Fin. Corp.*, No. 2:14-cv-02215, 2014 WL 5365452 (W.D.La. Oct. 21, 2014) (Citations omitted).

In the memorandum opinion issued by the district judge affirming the magistrate judge's recommendation, the court stated:

When determining which provisions of FIRREA apply to the FDIC's assignees, the Fifth Circuit has relied on federal common law because the statutes are silent as to their effect on assignees. . . . [A] jurisdictional bar–the FIRREA requirement that a plaintiff must exhaust administrative remedies before bringing suit against the FDIC-also applies to assignees.

. . . .

However, it cannot be said that the Magistrate Judge's decision is "clearly erroneous." There is no conflicting law directly on this issue. While the Magistrate Judge took a narrow interpretation of the subject statute, it cannot be said that the statute was applied incorrectly.

*Shamieh v. HCB Fin. Corp.*, No. 2:14-cv-2215, 2015 WL 432604 (W.D.La. Jan. 29, 2015).

Reading this language in the context of the overall opinion pertaining to the involuntary bankruptcy filing, we do not think the federal court meant to suggest that FIRREA does not apply at all to any of the facts of this case. The only issue before the federal court was whether the removal to its court was proper—which it deemed not to be pursuant to 12 U.S.C. § 1819(b)(2)(B), because FIRREA only authorizes removal by the FDIC. As noted by the appellants, removal and subject matter jurisdiction are two separate matters: The former is a procedural device to

5

transfer a case from state court to federal court, and the latter pertains to any court's ability to hear the case before it. *See* 28 U.S.C. § 1446; *Boudreaux v. State, Dep't of Transp. & Dev.*, 01-1329 (La. 2/26/02), 815 So.2d 7. We need not address the issue of whether the FDIC's power to remove to federal court extends to subsequent assignees that purchase assets of the failed bank from the FDIC, as it is not relevant to the determination of subject matter jurisdiction.

The plain language of 12 U.S.C. § 1821(d)(13)(D)(i) & (ii) makes clear that Congress intended that a party making any claims arising from the initial failed bank must exhaust administrative remedies before proceeding to court.

Further, the fact that the FDIC was not named as a defendant is immaterial. Otherwise any plaintiff could avoid the administrative exhaustion requirement by omitting the FDIC as a defendant. This would circumvent the purpose of FIRREA, to orderly dispose of claims against the failed bank. Any claim arising out of the act or omission of the failed bank must exhaust administrative remedies regardless of whether the FDIC is named as a defendant. *See Acosta-Ramirez v. Banco Popular de Puerto Rico*, 712 F.3d 14 (1st Cir. 2013) and *Sunsouth Bank v. First NBC Bank*, No. 1:13-CV-379-WKW, 2015 WL 9581418 (M.D.Al. Dec. 29, 2015), which involved the same defendants in this case, and the FDIC was not named as a defendant. The court in *Sunsouth*, p. 4, stated, "Application of the administrative exhaustion requirement is not based on the entity named as the defendant in the complaint. Instead, it is based upon 'the actor responsible for the alleged wrongdoing[.]['']"

Finally, the Shamiehs argue that even if FIRREA applies, the state court still has jurisdiction because there is no evidence "that the FDIC complied with the notice requirements of the administrative remedy provision that HCB and FNBC now seek to invoke." The Shamiehs further state:

6

It is far from certain to whom the Shamiehs might have presented their claims had they been aware of their claims when the paper was transferred, let alone to whom the claims might be presented at this stage of the proceedings.

We agree that this situation—one in which a party does not become aware of a claim they have against the failed bank until after it has already been assigned to another bank by the FDIC—presents difficult questions whose answers are hard to decipher from FIRREA. Nevertheless, the federal courts have addressed this issue:

> FIRREA only requires that the FDIC mail notice to known creditors or claimants, *see* 12 U.S.C. § 1821(d)(3)(C), and the plaintiffs' claims were not advanced until well after Downey Savings failed. Thus, they could not have been known to the FDIC at the time of receivership. Notice was given by publication, and notice by publication is sufficient for inchoate claims. *See, e.g. Freeman v. FDIC*, 56 F.3d 1394, 1402 (D.C.Cir.1995); *Meliezer v. Resolution Trust Co.,* 952 F.2d 879, 882-83 (5th Cir.1992); *cf. Tellado*, 707 F.3d at 281 (holding that "[t]he fact that the deadline for bringing a claim through the administrative process may have passed" does not preclude the application of FIRREA's jurisdictional bar).
>
> We add, moreover, that once an inchoate claim materializes, FIRREA creates a pathway for the holder of such a claim to introduce it into the claims-processing regime. *See* 12 U.S.C. §1821(d)(5)(A)(ii), (C)(ii). The plaintiffs have not tried to invoke this remedy.

*Demelo v. U.S. Bank Nat'l Ass'n*, 727 F.3d 117, 124 (1st Cir. 2013). Still, "the remedy" referred to by the *Demelo* court is an extension of time granted by the FDIC via written agreement with the complainant. Nevertheless, we must apply the laws created by Congress as written, which can only lead to the conclusion that barring the exhaustion of administrative procedures, no court has jurisdiction over this claim.

## CONCLUSION

The judgment of the trial court denying the defendant-appellant's exception of subject matter jurisdiction is reversed. All costs of this appeal are assessed against the plaintiffs-appellees, Fayez and Amal Shamieh.

**REVERSED**.