FEDERAL DEPOSIT INSURANCE CORP., as Receiver for R–G Premier Bank of Puerto Rico, Plaintiff,

v.

Hector Rafael ESTRADA–COLON; Emerito Estrada–Rivera—Isuzu De Puerto Rico, Inc. (EER); Digno Emerito Estrada–Rivera, his spouse Edith Delia Colon–Feliciano and their Conjugal Partnership; John Doe and Jane Doe, Defendants.

Civil No. 10–1620 (ADC).

United States District Court, D. Puerto Rico.

March 13, 2012.

Carmen G. Torrech–Cabrero, Ramon E. Dapena, Morell Bauza Dapena & Cartagena LLC, San Juan, PR, for Plaintiff.

Guillermo De–Guzman–Vendrell, De Guzman Law Offices, San Juan, PR, for Defendants.

## OPINION AND ORDER

AIDA M. DELGADO–COLÓN, Chief Judge.

Presently before the court is the Federal Deposit Insurance Corporation's ("FDIC" or "plaintiff") motion to dismiss Héctor Rafael Estrada–Colón; Digno Emérito Estrada–Rivera, his spouse Edith Delia Colón–Feliciano and their Conjugal Partnership; Emérito Estrada–Rivera– Isuzu de Puerto Rico, Inc.'s[1] ("EER;" collectively "defendants") counterclaim for lack of subject matter jurisdiction. **ECF No. 30.** Defendants opposed the motion (**ECF No. 36**), in response to which the FDIC filed a reply (**ECF No. 39**). Upon review of the parties' submissions and the

applicable law, the court **GRANTS** plaintiff's motion to dismiss.

## I. Relevant Factual Background and Procedural History

On January 22, 2009, R–G Premier Bank of Puerto Rico ("R–G") filed suit in the Commonwealth of Puerto Rico Court of First Instance, San Juan Part ("State Court Action"), against defendants. **ECF No. 4–1.** In response, defendants filed a counterclaim against R–G on April 13, 2009. **ECF No. 4–3.**

On April 30, 2010, the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico closed R–G and appointed the FDIC as receiver for the failed bank. **ECF No. 1 at ¶ 4; ECF No. 1–1; ECF No. 1–2.** As receiver for R–G, the FDIC removed the State Court Action to the District Court of Puerto Rico on July 7, 2010. **ECF No. 1.**

On July 21, 2010, in view of the pending counterclaim, the FDIC informed defendants of their right to file an administrative claim before the FDIC. *See* **ECF No. 36 at 5; ECF Nos. 30–1, 30–2, 30–3.** The notices[2] indicated that any such claim had to be submitted on or before August 4, 2010. *Id.* Defendants submitted their Proofs of Claim on August 4, 2010.[3] **ECF**

---

**1.** FDIC brings suit against Emérito Estrada–Rivera–Isuzu de Puerto Rico, Inc. ("EER"), a Puerto Rico corporation, as an independent entity. EER is controlled by Estrada–Rivera, his spouse Colón–Feliciano, and their Conjugal Partnership. *See* **ECF 4–3 at 4.** Emérito–Estrada, Chairman of EER, submitted EER's claim at issue in this case on behalf of the company. **ECF No. 30–6.**

**2.** The notices were sent to the following defendants through their counsel of record: Héctor Estrada–Colón (**ECF No. 30–1**), Digno Emérito–Estrada (**ECF No. 30–2**); and EER. (**ECF No. 30–3**).

**3.** The court notes that defendants did not provide the court with copies of the relevant

proofs of claim. The FDIC did attach three proofs of claim to its motion to dismiss. However, upon examination, the court notes that only one of the proofs of claim refers to the State Action number of KCD 2009–0241 (**ECF No. 30–4**). The remaining two proofs of claim refer to different state court actions that are not relevant to the present proceedings (**ECF Nos. 30–5, 30–6**). Because neither party contests the fact that the counterclaims were properly and fully presented as proofs of claim, the court will proceed with this understanding.

No. 30 at 4; **ECF No. 30–4.** On October 20, 2010, the FDIC disallowed defendants' claims. **ECF No. 30** at 4; **ECF Nos. 30–7, 30–8, 30–9.** The notices stated that defendants had 60 days to request further review in a district court or to continue an action that began before the FDIC's appointment as receiver. **ECF No. 30** at 4; **ECF Nos. 30–7, 30–8, 30–9.**

On June 28, 2011, the FDIC filed a motion to dismiss defendants' counterclaim with prejudice (**ECF No. 30**), arguing that the court lacks subject matter jurisdiction to consider defendants' counterclaim. Defendants oppose the FDIC's motion (**ECF No. 36**), arguing that the FDIC did not provide defendants with sufficient notice to submit their proofs of claim and that they were entitled to continue their counterclaim in that such was filed before the FDIC was designated as receiver for R–G.

## II. Standard of Review for 12(b)(1) Motion

Federal courts are courts of limited jurisdiction. *Destek Grp. v. State of New Hampshire Pub. Utils. Comm'n,* 318 F.3d 32, 38 (1st Cir.2003). "Because federal courts are courts of limited jurisdiction, federal jurisdiction is never presumed." *Viqueira v. First Bank,* 140 F.3d 12, 16 (1st Cir.1998). Thus, the party asserting that there is jurisdiction bears the burden of showing the existence of federal jurisdiction. *Id.* (*citing Aversa v. United States,* 99 F.3d 1200, 1209 (1st Cir.1996); *Murphy v. United States,* 45 F.3d 520, 522 (1st Cir.1995)).

Motions to dismiss brought under Federal Rule of Civil Procedure 12(b)(1) are subject to a similar standard as motions brought pursuant to Rule 12(b)(6). *See Negrón–Gaztambide v. Hernández–Torres,* 35 F.3d 25, 27 (1st Cir.1994); *Torres Maysonet v. Drillex, S.E.,* 229 F.Supp.2d 105, 107 (D.P.R.2002). "[T]he general rules of

pleading require a short and plain statement of the claim showing that the pleader is entitled to relief." *Gargano v. Liberty Int'l Underwriters,* 572 F.3d 45, 49 (1st Cir.2009) (quoting Fed.R.Civ.P. 8(a)(2)) (internal quotation omitted). Accordingly, the court should dismiss a complaint under Rule 12(b)(6) where the complaint does not "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868 (2009); *see also Bell Atl. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (establishing the "plausibility" standard). However, the Court "may augment the facts in the complaint by reference to (i) documents annexed to the complaint or fairly incorporated into it, and (ii) matters susceptible to judicial notice." *Gagliardi v. Sullivan,* 513 F.3d 301, 306 (1st Cir. 2008) (internal quotations omitted). Further, in the context of a Rule 12(b)(1) motion, the court may "take into consideration extra-pleading material." *Wojciechowicz v. United States,* 530 F.Supp.2d 421, 424 (D.P.R.2007) (quoting 5B Charles Allan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350, at 213 (2d ed. 1990)) (internal quotation omitted).

"When a district court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." *Merlonghi v. United States,* 620 F.3d 50, 54 (1st Cir.2010) (*citing Valentin v. Hosp. Bella Vista,* 254 F.3d 358, 363 (1st Cir.2001)). In doing so, the court's inquiry occurs in a two-step process under the current context-based "plausibility" standard established by *Twombly,* 550 U.S. 544, 127 S.Ct. 1955, and *Iqbal,* 129 S.Ct. 1937. First, the court must "accept as true all of the allegations contained in a complaint[,]" discarding legal conclusions, conclusory statements and factually threadbare recitals of the elements of a

cause of action. *Maldonado v. Fontanes,* 568 F.3d 263, 268 (1st Cir.2009) (*quoting Iqbal,* 129 S.Ct. at 1949) (internal quotation omitted). Under the second step of the inquiry, the Court must determine whether, based upon all assertions that were not discarded under the first step of the inquiry, the complaint "states a plausible claim for relief." *Id.* Thus, "[i]n order to survive a motion to dismiss, [a] plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief." *Sánchez v. Pereira–Castillo,* 590 F.3d 31, 41 (1st Cir.2009).

## III. Discussion

In its motion to dismiss, the FDIC urges the court to dismiss defendants' counterclaim because defendants did not comply with the mandatory procedural requirements of the Financial Institutions Reform Recovery and Enforcement Act of 1989 ("FIRREA"), Pub.L. 101–73, 103 Stat. §§ 101–1404. The FDIC argues that defendants are precluded from seeking relief from this court because they failed to act within the 60–day period provided by FIRREA. **ECF No. 30** at 5. The FDIC alter-

natively contends that defendants' counterclaim is based on alleged agreements that were not reduced to writing and, consequently, do not appear on RG's records. **ECF No. 30** at 3, 3 n. 2. Thus, the FDIC argues that the counterclaim should be dismissed because under the repudiation powers conferred by FIRREA, the FDIC can avoid unwritten obligations.[4] **ECF No. 30** at 3 n. 2; *see* 12 U.S.C. § 1821(e).

Defendants oppose FDIC's motion to dismiss, arguing that the FDIC's initial notice was insufficient because it failed to provide for the required period of time to file their proofs of claim. **ECF No. 36** at 4.[5] Defendants further contend that because their counterclaim was filed before the FDIC was appointed as receiver for R–G, they are entitled to continue their counterclaim. *Id.* The court addresses each of defendants' arguments separately.

### A. Sufficiency of Notice

FIRREA establishes that the FDIC, as conservator or receiver, succeeds to "all rights titles, powers, and privileges of the insured depository institution." 18 U.S.C. § 1821(d)(2)(A). FIRREA estab-

---

4. Because this court finds dismissal appropriate on other grounds, this court makes no determinations as to this argument.

5. Defendants also claim that such allegedly deficient notice deprived them of due process under the Fifth and Fourteenth Amendments. The court shall not interpret the FDIC's determination as a violation of due process, as the FDIC's disallowance of defendants' claim is permissible under the statute, as discussed in the opinion below. *See Miguelachuli v. FDIC,* 799 F.Supp.2d 141, 152 (D.P.R.2011) (holding that "[e]ven if Plaintiffs can prove that the receiver: (a) failed to notify them with sufficient time of the established Claims Bar Date, or (b) failed to give notice to the creditors shown in the institution books, or (c) failed to provide an electronic mailing address in the notice to the creditors, (which FDIC is not statutorily required to do)", the FDIC's disallowance of plaintiffs' claim does not deprive

them of due process); *see also Glenborough N.M. Assocs. v. RTC,* 802 F.Supp. 387, 400 (D.N.M.1992) (refusing to hear plaintiffs' due process claims because the court did not have subject matter jurisdiction over plaintiffs' claims filed with the RTC). Additionally, several courts have stated that due process is implicated only where a claimant receives no notice, unlike here, where plaintiffs had published and mail notice. *See Freeman v. FDIC,* 56 F.3d 1394, 1404 n. 2 (D.C.Cir.1995) ("[I]f [plaintiffs] were not afforded notice of their exclusive opportunity to present their claims, serious due process concerns would be implicated."); *Greater Slidell Auto Auction, Inc. v. Am. Bank & Trust Co. of Baton Rouge,* 32 F.3d 939, 942 (5th Cir.1994) ("The statutory of mailed notice to claimants who become know as a constitutional minimum to a claimant known by reason of a law suit pending when the receiver is appointed.").

lished a "[mandatory administrative claims review process] for all parties asserting claims against failed institutions, regardless of whether lawsuits to enforce those claims were initiated prior to the appointment of a receiver." *Marquis v. FDIC,* 965 F.2d 1148, 1151 (1st Cir.1992); *see Maldonado–Vaillant v. FDIC,* No. 10–1700, 2011 U.S. Dist. LEXIS 44480, at *5 (D.P.R. Apr. 25, 2011) ("FIRREA established a mandatory administrative claims process, which shall be exhausted by every claimant.").

Once appointed by the appropriate governmental entity,[6] the FDIC—in order to liquidate or conclude all pending claims—must publish a notice to the depository institution's claimants of their obligation to present proof of their claims by a specific date. 12 U.S.C. § 1821(d)(3)(B)(i). The claims bar date can occur no less than 90 days after publication.[7] *Id.* The notice must be republished twice, at approximately one and two months, after the initial publication of the notice. 12 U.S.C. § 1821(d)(3)(B)(ii). Contemporaneous with the first publication, the FDIC must mail a similar notice to any claimant listed in the failed institution's books, or within 30 days of discovering the name and address of a claimant not appearing on the institution's books. 12 U.S.C. § 1821(d)(3)(C).

Significantly, while FIRREA imposes strict notice requirements on publication, the statute does not provide claimants a waiver or exception if notice is not mailed. *Maldonado–Vaillant,* 2011 U.S. Dist. LEXIS 44480, at *6; *see Freeman v. FDIC,* 56 F.3d 1394, 1402 (D.C.Cir.1995); *Intercontinental Travel Marketing, Inc. v. FDIC,* 45 F.3d 1278, 1285 (9th Cir.1994); *Meliezer v. RTC,* 952 F.2d 879, 882 (5th Cir.1992); *see also RTC v. Haith,* 133 F.3d 574, 579 (8th Cir.1998) ("[T]he FDIC's failure to provide proper notice 'does not relieve the claimant of the obligation to exhaust administrative remedies, because the statute does not provide for a waiver or exception under those circumstances.' ") (citation omitted). Thus, the only notice required by FIRREA is one that makes claimants aware of the FDIC'S appointment as receiver, through either personal knowledge or a representative. *Maldonado–Vaillant,* 2011 U.S. Dist. LEXIS 44480, at *9 (*citing Reierson v. RTC,* 16 F.3d 889 (8th Cir.1994)).

In the instant case, the FDIC was appointed receiver for R–G on April 30, 2009. The parties do not dispute that the FDIC published the requisite notice 90 days before August 4, 2010 ("bar date").[8] Thus, there can be no argument that the FDIC complied with the statutory requirements.

Further, the FDIC mailed defendants letters of notice on July 21, 2010, as stipu-

---

6. In Puerto Rico, the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico appoints the FDIC as the receiver of a failed bank.

7. The First Circuit Court of Appeals has strictly enforced these requirements. *See, e.g., FDIC v. Kane,* 148 F.3d 36, 38 (1st Cir.1998) ("Claimants must submit any administrative claims to the receiver by the date specified in the published notice, which we will refer to as the bar date.") (*citing* 12 U.S.C. § 1821(d)(3)(B)(i); *Massachusetts v. FDIC,* 102 F.3d 615, 624 (1st Cir.1996) ("Creditors must file their claims with FDIC Receiver by

the date specified in a published notice. This date must be at least ninety days after the publication of the notice.") (*citing* 12 U.S.C. § 1821(d)(3)(B)(i), (5)(C)(i)) (footnote omitted).

8. The court notes that the FDIC did not provide proof of the notice publication for the record. However, defendants do not contest that such publication satisfied the statutory requirements. Thus, the court finds that the FDIC, indeed, complied with FIRREA's notice requirements.

lated by FIRREA, informing defendants of their obligation to submit administrative claims by the bar date. Even if the FDIC had not mailed the letters of notice, defendants would still have been obliged to submit their claims to the FDIC because the FDIC's notice of removal (**ECF No. 1**) made defendants aware of the FDIC's appointment as receiver for R–G. *See Maldonado–Vaillant*, 2011 U.S. Dist. LEXIS 44480, at *9; *see also Freeman*, 56 F.3d at 1402 (finding claimants had "timely notice of the appointment of the FDIC as receiver [through a certified letter stating the FDIC had been appointed receiver], whether or not they received the specific notice required to be mailed under 12 U.S.C. § 1821(d)(3)(C)"). More to the point, defendants' argument of having insufficient notice is undermined by their compliance with the mail notice—they submitted their proofs of claim on the bar date. Such timely compliance demonstrates that defendants had sufficient notice. Accordingly, because the FDIC complied with FIRREA's notice publication requirements and defendants submitted their claim in a timely manner, the court finds no merit to defendants' contention that they were not given sufficient time to submit their claim with the FDIC.

This court's conclusion finds further support in *FDIC v. Estrada–Rivera*, No. 10–1621, 2011 U.S. Dist. LEXIS 88442 (D.P.R. Aug. 10, 2011), a recent decision in our sister court involving similar parties,[9] a similar factual scenario, and the same arguments. In *Estrada–Rivera*, the court similarly found that defendants' claim of insufficient notice was without merit in light of their timely compliance with the FDIC's mailed notice. 2011 U.S. Dist. LEXIS 88442, at *7–8.

## B. Post–Disallowance Action

When serving as receiver, the FDIC has authority under FIRREA to determine claims in accordance with the procedures established in 12 U.S.C. § 1821(d)(3)-(6). The statute provides the FDIC with 180 days in which to determine whether to allow or disallow timely filed claims.[10] 12 U.S.C. § 1821(d)(5)(A)(i). A determination on whether to allow or disallow a claim is considered satisfied once notice of the determination is mailed to the claimant. 12 U.S.C. § 1821(d)(5)(A)(iii).

When the FDIC disallows a claim, the notice must state each reason for the disallowance and provide claimants with the procedures available to obtain either administrative or judicial review of the FDIC's determination. 12 U.S.C. § 1821(d)(5)(A)(iv). Claimants who receive such notices of disallowance may, in accordance with 12 U.S.C. § 1821(d)(6), file suit or continue an action commenced before the FDIC was appointed as receiver.[11] Specifically, the statute provides that

9. The FDIC was plaintiff. Defendants were Digno Emérito Estrada–Rivera; Estrada–Rivera's spouse Edith Delia Colón–Feliciano and their Conjugal Partnership; and EER. Héctor Estrada–Colón was not a named defendant.

10. The FDIC shall allow any claim that is proved to its satisfaction. 12 U.S.C. § 1821(d)(5)(B).

11. The statute provides:
(A) In general. Before the end of the 60–day period beginning on the earlier of—(i) the end of the [180–day termination] period described in paragraph (5)(A)(i) with respect to any claim against a depository institution for which the Corporation is receiver; or (ii) the date of any notice of disallowance of such claim pursuant to paragraph (5)(A)(i), the claimant may [...] file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District

within 60 days of receiving the notice of disallowance, a claimant must either file a new action in the appropriate federal court or "continue" an action that began before the FDIC was appointed as receiver. 12 U.S.C. § 1821(d)(6)(A). "To 'continue' an action requires some affirmative act by the claimant." *Reyes v. FDIC*, No. 10–1660, 2011 WL 2604762, at *3, 2011 U.S. Dist. LEXIS 70329, at *6 (D.P.R. June 30, 2011).[12] A claimant's failure to exercise his rights before the end of the 60 day period renders the disallowance final and deprives the claimant of further rights or remedies with respect to the disallowed claim. 12 U.S.C. § 1821(d)(6)(B). Such failure strips the court of jurisdiction. 12 U.S.C. § 1821(d)(13)(D); *Reyes*, 2011 WL 2604762, at *2–3, 2011 U.S. Dist. LEXIS 70329, at *6.

■ In the present case, the FDIC disallowed defendants' claim on October 20, 2010. The notice of disallowance mailed to defendants specified the reasons for the disallowance [13] and alerted defendants to the significant consequences of failing to act within 60 days.[14] Per the disallowance notice, defendants were aware they had 60 days in which either to file a new lawsuit in the appropriate federal court or to "con-

of Columbia (and such court shall have jurisdiction to hear such claim).
(B) Statute of limitations. If any claimant fails to [ . . .] (ii) file suit on such claim (or continue an action commenced before the appointment of the receiver), before the end of the 60–day period described in subparagraph (A), the claim shall be deemed to be disallowed (other than any portion of such claim which was allowed by the receiver) as of the end of such period, such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim.
12 U.S.C. § 1821(d)(6)(A)-(B).

12. *Reyes* acknowledged contrary case law suggesting that claimants need not take affirmative action in order to "continue" an action, but found the reasoning in the cases unpersuasive without stating its reasoning for finding as such. 2011 WL 2604762, at *3 n. 1, 2011 U.S. Dist. LEXIS 70329, at *6 n. 1 (*citing New Bank of New England, N.A. v. Callahan*, 798 F.Supp. 73, 76 (D.N.H.1992)). This court also finds the cases unpersuasive for the following reasons. *Callahan* relied on *Marquis* to conclude that no affirmative act is required to "continue" an action. 798 F.Supp. at 76, 76 n. 7. (*citing Marquis*, 965 F.2d at 1148, 1154). However, *Marquis's* holding did not pertain to what a claimant must do (if anything) to "continue" an action (the case does not even discuss the FIRREA sections at issue in *Callahan* ). *Marquis* held that federal courts (i) may retain jurisdiction over civil actions pending against failed financial institutions filed before the FDIC is appointed receiver and (ii) may stay proceedings pending completion of FIRREA's administrative claims review process. 965 F.2d at 1155. Accordingly, as stated above, this court finds that to "continue" an action requires some affirmative act.

13. The FDIC listed the following reasons for disallowing defendants' counterclaim:

(1) Claimants have not provided proof to support their claim. There is no direct privity between R–G Premier Bank for the claims alleged in the counterclaims.
(2) In addition, the relief sought is based upon alleged agreements which were not reduced to writing and which are not on the failed bank's books and records.
(3) Pursuant to 12 U.S.C. § 1821(e), alleged agreements between a failed bank and a party that do not appear on the books and records of the bank are not enforceable claims against the FDIC as receiver.
**ECF Nos. 30–7, 30–8, 30–9.**

14. Specifically, the FDIC clearly warned defendants with the following language:

**IF YOU DO NOT FILE A LAWSUIT** (or continue any lawsuit commenced before the appointment of the Receiver) **BEFORE THE END OF THE 60–DAY PERIOD, THE DISALLOWANCE WILL BE FINAL, YOUR CLAIM WILL BE FOREVER BARRED AND YOU WILL HAVE NO FURTHER RIGHTS OR REMEDIES WITH RESPECT TO YOUR CLAIM.**
**ECF Nos. 30–7, 30–8, 30–9** (emphasis in original).

tinue" the counterclaim that they filed before FDIC was appointed receiver for R–G. *See* 12 U.S.C. 1821(d)(6)(B). Defendants' 60–day window of opportunity closed on December 19, 2010. They have presented no information to indicate that they timely filed a new action or took any action to "continue" their counterclaim (for instance, filing a motion to do so). Moreover, the record is devoid of any activity by defendants until well after the 60 day period had lapsed.[15] *See Estrada–Rivera*, 2011 U.S. Dist. LEXIS 88442, at *10.

Because defendants failed to timely file a new action or to "continue" their pre-receivership counterclaim, the court finds that it lacks subject-matter jurisdiction over defendants' counterclaim.[16] *See* 12 U.S.C. 1821(d)(13)(D); *Estrada–Rivera*, 2011 U.S. Dist. LEXIS 88442, at *11. As such, the court **GRANTS** the FDIC's motion to dismiss defendants' counterclaim and **DISMISSES** the same.

## IV. Conclusion

In light of the foregoing, the FDIC's motion to dismiss (**ECF No. 30**) is **GRANTED.** Defendants' counterclaim is hereby **DISMISSED WITH PREJU-DICE.**

Inasmuch as no further claims remain pending before this court, the Clerk of the Court is to enter judgment accordingly.

**SO ORDERED.**

---

**15.** Defendants filed a motion for leave to appear and motion for extension of time on January 24, 2011. **ECF No. 14.**

**16.** The court acknowledges but does not address the potential collateral estoppel effects of the holding in *Estrada–Rivera*. Defendants have not raised the issue, nor have they argued that Estrada–Colón is in privity with Estrada–Rivera and Colón–Feliciano. Moreover, the court has reached its decision on the merits without feeling compelled to deal with collateral estoppel.