**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Doral Bank, et al., Plaintiffs/Counter–Defendants,**

v.

**Israel Ruiz GALLOSA, et al., Defendants/Counter–Claimants.**

**CIVIL NO. 15–1714 (GAG)**

United States District Court, D. Puerto Rico.

Signed November 18, 2016

Luis F. Del–Valle–Emmanuelli, Del Valle Emanuelli Law Offices, Carolina, PR, for Plaintiff.

## OPINION AND ORDER

Gustavo A. Gelpi, United States District Judge

Presently before the Court is Federal Deposit Insurance Corporation's ("FDIC") motion for summary judgment on the counterclaim asserted by Israel Ruiz Gallosa, Nancy Rodriguez Mercado, and the conjugal partnership between them ("Defendants") in this foreclosure case. (Docket No. 16.) FDIC's motion is unopposed. Through its motion, FDIC presents a familiar argument: Defendants did not comply with the statutory rules governing federally controlled failed banks, and as a result, those statutory rules deprive this Court of the power to hear Defendants' counterclaim. Upon review, FDIC's motion is **GRANTED**.

## I. Relevant Factual and Procedural Background

This case began on February 28, 2013 when Doral Bank ("Doral") filed suit in the Puerto Rico Court of the First Instance of Bayamon ("local court") against Defendants. (Docket No. 7–1, at 1–3.) Doral sought to foreclose on Defendants' mortgage. Id. On June 28, 2013, Defendants answered and counterclaimed against Doral, to which Doral replied. Id. at 4–12.

On February 27, 2015, while the suit was pending in local court, the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico closed Doral. (Docket No. 16, at 2.) FDIC was appointed as receiver for Doral. Id. Subsequently, FDIC filed a motion requesting substitution of party and requested a stay of proceedings in the local court suit. (Docket No. 7–1, at 13–15.) Then, FDIC, as receiver for Doral, removed the case from the local court to federal court. (Docket No. 1.) FDIC now moves for summary judgment on Defendants counterclaim. (See Docket Nos. 14, 16.)

FDIC stylizes its motion as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. See FED. R. CIV. P. 56. Through the motion, FDIC argues Defendants counterclaim must be dismissed because this Court lacks subject-matter jurisdiction to hear the coun-

terclaim. (Docket No. 16.) FDIC's argument is purely jurisdictional; therefore, the motion is properly considered as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. See FED. R. CIV. P. 12(b)(1).

## II. Standard of Review

As courts of limited jurisdiction, federal courts resolve questions of subject-matter jurisdiction before addressing the merits of a case. Destek Grp. v. State of N.H. Pub. Utils. Comm'n, 318 F.3d 32, 38 (1st Cir. 2003). The party asserting jurisdiction has the burden of demonstrating its existence. Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). If it appears at any time that the Court lacks the statutory or constitutional power to adjudicate the case, the suit must be dismissed. Arbaugh v. Y & H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006); Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996).

Rule 12(b)(1) of the Federal Rules of Civil Procedure offers the appropriate mechanism for challenging a court's subject-matter jurisdiction. Valentín v. Hosp. Bella Vista, 254 F.3d 358, 362 (1st Cir. 2001). Rule 12(b)(1) motions are reviewed under a standard similar to Rule 12(b)(6). Boada v. Autoridad de Carreteras y Transportación, 680 F.Supp.2d 382, 384 (D.P.R. 2010) (citing Negrón–Gaztambide v. Hernández–Torres, 35 F.3d 25, 27 (1st Cir. 1994)). The district court must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor. Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010) (citing Hosp. Bella Vista, 254 F.3d at 363). However, the court's inquiry is not necessarily limited to the parties' pleadings, and may include whatever evidence has been presented in the case. Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996).

## III. Discussion

### A. The Administrative Claims Review Process of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989.

■ The Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub L. No. 101–73, 103 Stat. 183 ("FIRREA") governs the FDIC's authority as receiver of a failed financial institution. 12 U.S.C. § 1821(d); Marquis v. F.D.I.C., 965 F.2d 1148, 1151 (1st Cir. 1992). As receiver, the FDIC succeeds to all rights and duties of the institution. § 1821(d)(2)(A). FIRREA seeks to facilitate the rehabilitation or insolvency of failed financial institutions. Acosta–Ramírez v. Banco Popular de P.R., 712 F.3d 14, 18 (1st Cir. 2013). To do so, FIRREA creates a mandatory administrative review process for claims brought against the failed institution. § 1821(d)(3)–(13); Demelo v. U.S. Bank Nat. Ass'n, 727 F.3d 117, 121–22 (1st Cir. 2013).

FIRREA establishes notice requirements for the claims review process. FDIC is required to "promptly publish a notice to the depository institution's creditors to present their claims, together with proof, to the receiver by a date specified in the notice." § 1821(d)(3)(B). This deadline is the "claims bar date." Id. The notice must be published at least ninety (90) days before the claims bar date, and republished twice, with a month between each publication. Id.

FDIC must also mail notice to claimants appearing on the institution's books and records at the time of publication of the notice. § 1821(d)(3)(C). If a claimant's name and address does not appear in the institution's records, FDIC must mail notice within thirty (30) days of discovering the claimant's name and address. Id. How-

ever, FDIC's inability to mail notice does create a waiver or exception to the mandatory administrative claims review process. See Estrada–Colón, 848 F.Supp.2d 206, 212–13 (D.P.R. 2012).

■ In fact, FIRREA deprives district courts of jurisdiction to hear claims when a claimant fails to comply with the administrative claims review process. § 1821(d)(13)(D); see also Simon v. F.D.I.C., 48 F.3d 53, 57 (1st Cir. 1995). In other words, failure to file a claim before to the claims bar date, or otherwise exhaust FIRREA's statutory claims process, strips courts of the power to hear the claim. Demelo, 727 F.3d at 122.

### B. Defendants' Counterclaim Against Doral.

■ On March 6, 2015, FDIC published notice in two newspapers, El Vocero de Puerto Rico and El Nuevo Día, informing Doral creditors of FDIC's receivership, the administrative claims process, and the June 4, 2015 claims bar date. (Docket No. 16, at 2.) The notice was republished in these two newspapers on April 6, 2015 and May 5, 2015. Id.

Additionally, on May 14, 2015, FDIC mailed notice to Defendants at the last known address listed in Doral's books and records. Id. The mailing notified Defendants of FDIC's receivership, indicated the June 4, 2015 claims bar date, and included instructions for submitting a proof of claim through the administrative claims review process. Id. at 2–3.

Despite the published and mailed notices, Defendants did not submit a claim before the claims bar date. Id. at 3. To date, Defendants have not submitted any claim to FDIC. Id. Defendants' failure to comply with FIRREA's administrative claims review process removes this Court's subject-matter jurisdiction to hear Defendants' counterclaim. 12 U.S.C.

§ 1821(d)(13)(D); Demelo, 727 F.3d at 122–23; Acosta–Ramirez, 712 F.3d at 20; Simon, 48 F.3d at 56–57.

### IV. Conclusion

For the reasons set forth above, FDIC's motion at Docket No. 16 is **GRANTED**. The Defendants' counterclaim is hereby **DISMISSED with prejudice.** FDIC shall move for entry of default, or any other appropriate remedy, within thirty (30) days.

**SO ORDERED.**